IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JENSEN AROCHO RODRIGUEZ<br><br>      Plaintiff<br><br>      Vs.<br><br>HON. JULIO ROLDÁN CONCEPCIÓN, Mayor of the City of Aguadilla, RUBEN NIEVES, Director of the Office of Technologies, XAYMARA MESONERO, Director of Human Resources, MAVIAEL MORALES NIEVES, City Administrator, Municipal Government of Aguadilla and Defendants John Doe, Jane Doe, Richard Roe.<br><br>      Defendants | Civil No. |

**COMPLAINT**

**TO THE HONORABLE COURT**:

**COMES** now Plaintiff through the undersigned attorney, and respectfully alleges and prays:

**Jurisdiction of this Honorable Court**

1.- The jurisdiction of this Court is invoked pursuant to the provisions of Title 28 United States Code, Sections l33l, l343(3) (4); Title 42 United States Code, Sections l983; and the First, Fifth and Fourteenth Amendments to the Constitution of the United States.

2.- This complaint is an action under 42 USC, Section l983 and 2000, based on the Plaintiff deprivation of his civil and constitutional rights guaranteed by the Constitution

and Laws of the United States, by the defendants and 29 USC 151 et seq. The amount in controversy exceeds the minimum under 28 USC l33l.

3.- This Honorable Court also has jurisdiction pursuant to 28 U S C § 1332 over the state law claims under Law Number 100 of 1959, as amended, 29 L.P.R.A., Section 146, and Law Number 80 of 1976, as amended 29 L.P.R.A., Section 185 sec (e) and the Bill of Rights of the Constitution of the Commonwealth of Puerto Rico, Sections 1, 4, 6 and 7 of Article II.

## Type of Proceedings

4.- Plaintiff claim is twofold; first he prays for a mandatory injunction under Federal Rule of Civil Procedure Number 65, ordering the defendants to reinstate Plaintiff in accordance to the position he held, before defendants acted to deprive him of his Civil and Constitutional Rights as stated in this Complaint. Plaintiff demands that defendants be enjoined from discriminating against him, because of his political beliefs.

5.- It is also a suit for compensatory damages arising from the political persecution to which plaintiff have been subjected to by defendants.

6.- The facts hereinafter alleged in this Complaint constitute violations of Plaintiff protected rights under the First, Fifth and Fourteenth Amendments to the Constitution of the United States.

7.- The facts hereinafter alleged in this complaint constitute violations of plaintiff protected rights under Sections l, 4, 6 and 7 of Article II of the Constitution of the Commonwealth of Puerto Rico.

8.- The facts set out hereinafter in this complaint are actionable under the Constitution of the Commonwealth of Puerto Rico and the Laws of the Commonwealth of Puerto Rico, Law Number 382 of 1950, 29 L.P.R.A., Section 136-138 and, Law Number 100 of 1959, as amended, 29 L.P.R.A., Section 146 and Law Number 80 of 1976, as amended 29 L.P.R.A., Section 185 sec (e).

9.- Section 137 of 29 Puerto Rico Laws Annotated, established the presumption that the demotion, transfers, persecution or firing is politically motivated if it is done without cause.

## State Remedies Invoked Under 42 USC l988 and Pendent Jurisdiction

10.- Whether liability be predicated under the Federal Civil Rights Act or under the Constitution and Laws of the Commonwealth of Puerto Rico, all the liability arises from a common nucleus of operative facts.

11.- Under 42 USC l988 and **Sullivan v. Little Hunting Park**, **Inc.**, **396 U.S. 229 (l969)** the Court should extend the protection afforded by the Commonwealth of Puerto Rico to its employees, for said policy is in furtherance of the public policy established by Congress for persons who have been deprived of their civil rights and who have prosecuted their actions under 42 USC l983.

12.- Plaintiff invokes the pendant jurisdiction of this Honorable Court with respect to all claims under the Constitution and Laws of the Commonwealth of Puerto Rico.

13.- Under Law Number 382 of l950, 29 Puerto Rico Laws Annotated, Section 136, make it illegal for any employer to in any form discriminate against any person, because of that persons political beliefs.

14.- Law Number l00 of l959, as amended, 29 Puerto Rico Laws Annotated contains the same prohibition, in Section l46.

15. Law Number 80 of 1976, as amended 29 L.P.R.A., Section 185 sec (e) prohibit the constructive discharge.

## Claims for Relief

16.- At all times herein mentioned, and in all matters complained of herein, the defendants, and each of them acted in full knowledge that they were violating the rights of Plaintiff as protected under the Constitution and the Laws of the United States.

17.-The law with respect to defendants conduct, and the conduct of each and every one of them, was clearly established as illegal and violate of plaintiff rights under the Constitution and Laws of the Commonwealth of Puerto Rico.

18.- The action of the defendants was solely motivated by plaintiff political beliefs, Plaintiff having been satisfactorily performing his duties and there existing no other cause for the political persecution that plaintiff was subjected to.

19.- Plaintiff is affiliated to the New Progressive Party and publicly expressed his support to the New Progressive Party candidates in the elections held in November of 2020. Because of his political beliefs, plaintiff was subject to political persecution by defendants.

20. - Plaintiff political beliefs were known to defendants at all times relevant to this compliant. Plaintiff political beliefs and his association with persons of similar beliefs are activities protected by the First, Fifth and Fourteenth Amendments to the Constitution of the United States of America.

21.-Plaintiff, Jensen Arocho Rodríguez is of legal age, resident of Aguadilla and a career employee of the Municipal Government of Aguadilla. Plaintiff Arocho Rodríguez held the position of System Technician. He began working for the Municipal Government of Aguadilla on 2013, he had a salary of $1,275.26

22.-. The acts of the defendants were done deliberately, knowing that it is was unlawful, with the bad faith knowledge that they were violating plaintiff federally secured rights.

24.- Plaintiff is entitled under the Laws of the Commonwealth of Puerto Rico to be free from the obligation of mitigation of damages under such circumstances as are herein above set forth.

25.- Plaintiff is entitled to damages for violation of his Constitutional Rights plus damages for his actual losses, and for their pain, suffering, anguish and humiliation.

26.- Plaintiff is entitled to a finding that defendants actions of taking away his duties and responsibilities were politically motivated and as such a violation of his Federal and State Constitutionally Protected Rights as well as the rights guaranteed to him by State Law.

27.- Defendants, and each of them, have been obstinate in fomenting this

litigation.

28.- Defendant Julio Roldán Concepción is the Mayor of the city of Aguadilla and as such is the nominating authority of the Municipal Government of Aguadilla. He is also the President of the Popular Democratic Party in the City of Aguadilla.

29.- Defendant Xaymara Mesonero is the Director of Human Resources for the Municipal Government of Aguadilla and an active member of the Popular Democratic Party.

30.- Defendant Ruben Nieves is the Director of the Office of Technologies of the Municipal Government of Aguadilla and an active supporter of the defendant Roldán-Concepción as a candidate for mayor of the city of Aguadilla under the Popular Democratic Party.

31.- Defendant Maviael Morales Nieves is the City Administrator of the Municipal Government of Aguadilla and an active supporter of the defendant Roldán Concepción as a candidate for mayor of the city of Aguadilla under the Popular Democratic Party.

32.- An action by defendant Mayor Roldán Concepción as the nominating authority of the Municipal Government of Aguadilla, constitutes the official policy of the Municipality and as such the Municipal Government of Aguadilla is liable to plaintiff.

33.-Defendants John Doe, Jane Doe, Richard Roe and others, are fictional names of unknown defendants which will be included once their names are discovered.

34.- All defendants are citizens of the Commonwealth of Puerto Rico.

35.- The present action is directed to all named defendants, in their official capacity and in their personal capacity as individuals.

36.- Under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and the Equal Protection Clause contained in Article II, Section 7 of the Commonwealth Constitution, equal rights should be extended to Plaintiff.

37.- Pursuant to the provisions of 42 USC, Section 1988 Plaintiff, should he prevail on any issues herein, is entitled to reasonable attorneys' fees in this action.

38.- Pursuant to the provisions of Title 32, Rules of Civil Procedures of the Commonwealth of Puerto Rico, App. II, Rules 44.1(d) and 44.3(b), plaintiff is also entitled to attorneys' fees for the defendant's obstinacy and pre-judgment interest from the date of the filing of this complaint.

## **Specific Facts Relevant to this Claim**

39.-. Plaintiff is an active member of the New Progressive Party and he was active in the November 2020 elections. Plaintiff was also active in the assembly to ratify the former mayor Yanitzia Irizarry as Chairperson of the New Progressive Party in Aguadilla, held on March 20, 2021, activities which are protected by the First, Fifth and Fourteenth Amendments of the Constitution of the United States and the Bill of Rights of the Constitution of the Commonwealth of Puerto Rico.

40.- Plaintiff political affiliation is well known to defendants.

41.-In the 2020 general elections defendant Julio Roldán Concepción won his candidacy for Mayor under the Popular Democratic ticket, and as such, was sworn in as Mayor of Aguadilla in January 2021.

42.- Defendant Roldán Concepción appointed defendant Xaymara Mesonero to the trust position of Director of Human Resources of the Municipal Government of Aguadilla. Defendant Mesonero is an active member of the Popular Democratic Party.

43.- Defendant Roldán Concepción appointed defendant Ruben Nieves to the position of Director of the Office of Technologies. Defendant Nieves is an active member of the Popular Democratic Party.

44.- Defendant Roldán Concepción appointed defendant Maviael Morales Nieves to the position of City Administrator of the Municipality of Aguadilla. Defendant Morales is an active member of the Popular Democratic Party.

45.- Plaintiff Jensen Arocho Rodríguez held the position of System Technician. His immediate supervisor was defendant Ruben Nieves.

46.- Plaintiff Jensen Arocho Rodríguez has performed his duties and responsibilities in the positions that he has held in the Municipal Government of Aguadilla in an excellent manner. He has never had any complaints as to his performance.

47.- The person appointed to the position plaintiff held was Bryan Quiñones who is affiliated to the Popular Democratic Party.

48.- On March 20, 2021 plaintiff Jensen Arocho Rodríguez actively participated in

the ratification of the former mayor, Yanitzia Irizarry as chairperson for the New Progresive Party.

49.- On March 23, 2021, when plaintiff began to work and he turned on his computer he noticed that his computer had no access to the server. He informed his immediate supervisor, defendant Ruben Nieves, about this problem and he told him that the reason why his computer had no access to the server were direct instructions from defendant Julio Roldán Concepción, because of his participation in the New Progressive Party Assembly held on March 20, 2021 and that he was to report to the Director of Human Resources, Co- defendant Xaymara Mesonero which he did. There, defendant Mesonero told him that under instruction of the Mayor Roldán Concepción, there was no work for him, and then she instructed him to sit in the hall until she received other instructions.

Around three hours later, he was told to report to the conference room at the office of the Mayor.

50.- When plaintiff reported to the conference room of the office of the mayor, defendant's Mesonero, Nieves and the mayor were present as well as the Director of the Legal Division, Attorney Gabriel Díaz García. There he was given a document entitled Evaluation for Career Employees of the Municipal Government of Aguadilla with an evaluation of non-satisfactory. His previous evaluation, dated December 30, 2020, had a classification of outstanding. When Plaintiff objected said evaluation and informed the mayor that his previous evaluations were classified as outstanding, he was told by the

mayor, Defendant Roldán- Concepción that his outstanding performance had to be at the Assembly of the New Progressive Party.

51.- On March 23, 2021 and after the meeting at the conference room of the mayor ended abruptly, he returned to his office but was not able to perform any work because he had no access to his computer. About an hour later, Mr. Maviel Morales Nieves showed up at this office and gave him a letter entitled Written Reprimand, which read that in the last three weeks his performance had been less than satisfactory. When plaintiff objected the written reprimand, he was told by Mr. Morales Nieves to take his case before the former mayor Yanitzia Irizarry. Defendant Morales, far from preventing the political harassment that plaintiff was being subjected to by the other defendants, he actively harassed plaintiff. He told plaintiff that he tried to fool the mayor making him believe that he was a member of the Popular Democratic Party, no details or reasons were given to plaintiff and as of today, plaintiff have no idea why Mr. Morales made said statement since is well known that he is a member of the New Progressive Party.

52.- During the next three weeks approximately, plaintiff was prohibited from performing any work and he just sat at his office doing nothing. This was of public knowledge of all the employees of the Municipal Government of Aguadilla and he was the subject of harassment and mock and in various occasions, he complained to co-defendant Ruben Nieves, not only that he had no work to perform but also that he was being mocked and harassed by employees affiliated to the Popular Democratic Party,

and he received the same response which was to take the case before the former mayor Yanitzia Irizarry.

53.- On April 19, 2021, plaintiff took vacations because he no longer could tolerate the hostile working environment of having no work to perform and being the subject of political harassment because of his political affiliation.

54.- On April 22, 2021, he was called by co-defendant Xaymara Mesonero to report the next day to the office of the mayor, although he was on vacation, because the mayor wanted to speak to him, which he did.

55.- On April 23, 2021, the secretary of the mayor told him to walk into the conference hall and there were defendant's, Mayor Roldán-Concepción, Ruben Nieves, Director of the Office of Techologies, Xaymara Mesonero, Director of Human Resources and Attorney Gabriel Díaz García, Director of the Legal Division. There, plaintiff was told by the mayor that he have not turned in the credentials of his previous employment as municipal employee. Plaintiff Arocho-Rodríguez told the mayor that he did turned in his credentials and showed him the email that credited that, in fact, such credentials had being turned in. When plaintiff showed the email to the mayor, he told him that he was a liar and he called for two municipal police officers to escort him out of the city hall. Plaintiff felt intimidated and humiliated for this unreasonable act of the mayor.

56.- Upon returning from his vacations plaintiff continued on his office performing no work and continued being the subject of political harassment. This

harassment continued in a systematical way and in two occasions plaintiff went to the office of the mayor to complaint about the fact that he was performing no work and being politically harassed and the mayor refuse to see him.

57.- Plaintiff also went to the office of the Director of Human Resources, defendant Xaymara Mesonero, and she told him that he knew that those were specific instructions of the mayor and there was nothing that she or anyone could do, and that because his political support to the former mayor while being a municipal employee he has earned that treatment. Defendant Mesonero told plaintiff that she didn't know how he could endure being day after day sitting in his office without performing any work and that if this had happened to her, she would have already resign.

58. - After consulting with his family, on May 27, 2021, plaintiff decided to resign, in said letter plaintiff stated:

"Days, weeks, of uncertainty, without sleeping, without eating properly, feeling helpless, without being able to serve the people of Aguadilla without colors, as I am used to; all this as a consequence of the persecution that they had against me for the mere fact of being a member of another political party. "

"I have analyzed and consulted with my family about this situation and with much sadness I have decided to resign immediately to the Municipal Government of Aguadilla, in which I was honored to serve for the past years, thanking infinitely those who believed in me and in my capacities, to those who helped me grow professionally and as a human being. This decision was extremely hard for me and it was made

thinking of my physical and emotional health, my peace of mind and the well-being of my family."

59.- Defendants' actions against Plaintiff constitutes an intentional political harassment and a clear violation of plaintiff Federal and State Constitutionally protected rights. Dignity is an inviolable right that is guaranteed by the United States Constitution as well as the Puerto Rico Constitution

60.- Plaintiff Jensen Arocho Rodríguez has suffered and continues to suffer the humiliation and the degradation of his dignity as a citizens and employee by the actions of defendants by forcing him to resign his job because of political discrimination.

61.- Plaintiff resignation constitutes a constructive discharge.  Said resignation was asked or suggested by defendant Mesonero, leaving him no other reasonable option but to resign.  This resignation was the result of the pressure and harassment that plaintiff was being subjected to and it was done against his will.

62.- Plaintiff was a career employee of the Municipal Government of Aguadilla. Plaintiff history of performance as employee of the Municipality was excellent, there being no complaints or admonishments filed against him.

63.- All these harassment, humiliation, mental anguish, grief, pain and distress, loss of income and damages that plaintiff has suffered and continues to suffer on a daily basis was done intentionally by defendants with the deliberate purpose of offending, humiliating and punishing plaintiff, solely because of his affiliation to the New Progressive Party. Defendant actions are illegal, unconstitutional, negligent there

tortuous acts and omissions against plaintiff render them jointly and severally responsible to plaintiff for any amount warranted for his damages.

## Absence of Good Faith

64.- The **Branti v. Finkel**, (445 U.S. 507), doctrine was well rooted.

65.- Defendants in this case, nevertheless, under color of state law, decided to defy the Courts, knowing as they know, that by harassing and procuring plaintiff constructive discharge solely for his political affiliation to the New Progressive Party, constitutes a violation of plaintiff constitutionally protected rights, *Gomez v. Toledo*, 446 U.S. 635, 640 (1980), , also, *Gutiérrez Rodríguez v. Cartagena*, 882 F.2d 553 (1st Cir. 1989).

## First Cause of Action

64.- Now appears plaintiff, in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs l to 65, with the same force and effect as if set forth at length herein.

65.-Plainitff constructive discharge for the sole reason of being affiliated and active member of the New Progressive Party constitutes a violation of plaintiff Constitutional Rights. It is a well-established legal doctrine that a violation of a Constitutional Right even for a minimum period of time constitutes an irreparable injury.

66. - The damages caused to plaintiff by defendant's illegal violation of his Federally Protected Rights, are reasonably estimated in the amount of $1,000,000.00.

**Second Cause of Action**

67.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 65, with the same force and effect as if set forth at length herein.

68.- As a result of defendants' actions, plaintiff has suffered great mental anguish, grief, much anxiety, humiliation, pain and distress.

69.-The damages suffered by plaintiff are evaluated in an amount not less than $1,000,000.00. These damages were caused, and will continue to be caused, exclusively by the unconstitutional, illegal, negligent and tortuous acts and omissions of the defendants, rendering them jointly and severally responsible to plaintiff for any award warranted for his damages.

**Third Cause of Action**

70.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 65, with the same force and effect as if set forth at length herein.

71. - Defendants acts show they did not act in good faith and punitive damages should be imposed on defendants jointly and severally which are reasonably estimated in $1,000,000.00.

**Fourth Cause of Action**

72.- Plaintiff had a monthly salary of $ 1,275.26. Since May 27,2021 as of today he has a loss of income of $8,925.82. This loss of income will continue to increase on a

monthly basis of his salary ($1,275.26) until the date this claim is finally adjudicated and plaintiff be reinstated.

## Fifth Cause of Action

72.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 65, with the same force and effect as if set forth at length herein.

73.- Plaintiff was subjected to political harassment by defendants, Julio Roldán Concepción, Xaymara Mesonero, Ruben Nieves and Maviael Morales Nieves, because they knew and know that plaintiff was constructively discharge by creating a working environment that left him no reasonable alternative but to resign. As Mayor of the Municipality of Aguadilla, defendant Julio Roldán Concepción did nothing to prevent and or correct the violation of plaintiff constitutionally protected rights. Defendant Xaymara Mesonero as Interim Director of Human Resources did nothing to prevent and or correct the violation of plaintiff constitutionally protected rights. Defendant Ruben Nieves as Director of the Office of Technologies did nothing to prevent and or correct the violation of plaintiff constitutionally protected rights. Defendant Maviael Morales Nieves as City Administrator did nothing to prevent and correct the violation of plaintiff constitutionally protected rights. Far from preventing or correcting the violation of plaintiff constitutionally protected rights, defendants actively participated in the violation of plaintiff constitutionally protected rights. For this, he felt humiliated and suffered damages that are reasonably estimated in the amount of $1,000,000.00.

### Sixth Cause of Action

74.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 65, with the same force and effect as if set forth at length herein.

75.- Pursuant to Federal Rules of Civil Procedure Number 65, plaintiff request that an order be issued against defendants in their official capacity, ordering them that he be restored to the position he held before his constructive discharge and that they be enjoined from discriminating against him in violation of the cited Federal and State Constitutions and Laws.

### Trial By Jury

76.- A Trial by Jury is requested in all causes of actions.

**WHEREFORE,** plaintiff respectfully prays this Honorable Court to:

a. Assume Jurisdiction of this action;

b. Enter an Order granting a Preliminary and Permanent Injunction prohibiting, restraining and enjoining, the defendants, agents, or anyone acting in concert with them or pursuant to their orders; or, their successors in any representative capacity from violating any Constitutional Rights of plaintiff;

c. Enter an Order granting a Preliminary and Permanent Injunction ordering defendants, and each of them, or their agents and successors to restore plaintiff to the position he held at the Municipal Government of Aguadilla.

d. Grant plaintiff damages and punitive damages against the defendants, and

each of them, jointly and severely;

e.   Accept its pendent and ancillary jurisdiction over the parties and grant plaintiff all his rights under the Constitution and Laws of the Commonwealth of Puerto Rico;

f.   Enter an Order granting plaintiff reasonable attorney's fees, costs and pre-judgment interests;

g.   Grant such other and further relief that to this Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED.**

In Aguadilla, Puerto Rico this 24th day of November of 2021.

**ROLDAN GONZALEZ & ASOCIADOS**
**35 Progreso**
**Aguadilla, P. R. 00603**
**Tel. (787) 891-1359**
**irg@roldanlawpr.com**

*S/ Israel Roldan-Gonzalez*
**ISRAEL ROLDAN GONZALEZ**
**USDC-PR NO. 115602**

## UNSWORN STATEMENT UNDER PENALTY OF PERJURY

I, Jensen Arocho Rodríguez, of legal age and resident of Aguadilla, Puerto Rico, solemnly declare that:

That the facts stated in the complaint filed in the United States District Court for the District of Puerto Rico against the Mayor of the City of Aguadilla, Julio Roldán Concepción, Ruben Nieves, Director of the Office of Technologies, Xaymara Mesonero, Interim Director of Human Resources and Maviael Morales Nieves, City Administrator and the Municipal Government of Aguadilla, are true and correct and were informed by me to my legal counsel, Israel Roldán González.

I declare under penalty of perjury that the foregoing is true and correct.
In Aguadilla, Puerto Rico on the 12th day of October of 2021.

JENSEN AROCHO RODRIGUEZ